UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GS HOLISTIC, LLC,<br>          Plaintiff,<br><br>v.<br><br>SIGMA IMPACT, INC. d/b/a SIGMA WHOLESALE and KAMRUDDIN SOHANI,<br>          Defendants. | **Case No. 4:25-CV-001395**<br><br>**Hon. Judge George C Hanks, Jr**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' PRE-MOTION CONFERENCE LETTER PURSUANT THE COURT'S PROCEDURE SECTION 6(B)

Defendants Sigma Impact, Inc. and Kamruddin Sohani ("Defendants") hereby submits this Pre-Motion Conference Letter regarding Defendant's anticipated Motion to Dismiss ("Motion") the Complaint filed by Plaintiff GS Logistics, LLC. ("Plaintiff"). The Parties held a telephonic pre-motion conference and now Defendants submit this letter pursuant to the Court's Procedure Section 6(B).

**I.     INTRODUCTION**

This case arises from claims that Defendants counterfeited Plaintiff's trademarks. In its Complaint, Plaintiff erroneously alleges it has rights to various federally registered trademarks for use in connection with "vaporizing products". See *Complaint,* ¶12. Then Plaintiff alleges that Defendants counterfeited its federally registered trademarks by selling "counterfeit vaporizers bearing imitations of" Defendant's federally registered trademarks. See *Complaint,* ¶27. In reality, Plaintiff's trademarks do not broadly cover all "vaporizing products". Instead, Plaintiff asserts three (3) sets of trademark registrations. The first set of trademark registrations covers "electronic vaporizer…that emits vapor for treatment of" various medical conditions. The second set covers "electric vaporizers for aromatherapy purposes". Finally, the third set of Trademark Registrations asserted covers "electric oral vaporizers for smoking purposes".

1

On the other hand, Plaintiff asserts that Defendants infringed or counterfeited all three (3) sets of trademark registrations but only identifies one (1) accused product sold by Defendants. In its Complaint, Plaintiff broadly identifies said one (1) accused product as being a vaporizer. But, such pleading is overbroad because it is unreasonable to suggest that the one (1) accused product falls under the three (3) categories of vaporizers protected by the three (3) sets of trademark registrations asserted.

More specifically, Plaintiff's Complaint must be dismissed because it fails to plead that Defendants sold the same or substantially the same goods identified in the trademark registrations as required for counterfeiting. Secondly, Plaintiff's Complaint fails to plead that Plaintiff has used and it still uses the trademarks asserted in connection with the registered goods identified in the corresponding trademark registrations. After all, Plaintiff fails to present sufficient facts that it sells all three (3) categories of vaporizers identified in the trademark registrations. Without such use, Plaintiff does not have trademark rights under the Lanham Act.

As such, Plaintiff's Complaint must be dismissed because it fails to plausibly plead that it has rights to the trademarks asserted, that said trademarks are valid, and that Defendants counterfeited said trademarks.

## II.    PLAINTIFF'S COUNTERFEITING CLAIM IS NOT PLAUSIBLE BECAUSE THERE IS NO ALLEGATION THAT DEFENDANTS USED THE REGISTERED MARK IN CONNECTION WITH THE REGISTERED GOODS

Plaintiff asserts a claim of counterfeiting against Defendants. See *Complaint,* p.14-15. The term "counterfeit mark" is defined in 15 U.S.C. §1116(d)(1)(B)(i) as follows:

> "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use…"

Essentially, a counterfeiting claim can stand if and only if Defendants used the same registered mark in connection with the same registered goods as it appears in the trademark registrations. In fact, one circuit court has held as follows:

> "In this context, the mark used by [the defendant] was counterfeit if: (1) it was a non-genuine mark identical to [the plaintiff's] mark; (2) *[the plaintiff's] mark was*

2

*registered on the Principal Register for use on the same goods to which [the defendant] applied the mark*; (3) [the plaintiff's] mark was in use; and (4) [the defendant] was not authorized to use [the plaintiff's] mark." See *State of Idaho Potato Com'n v. G.T. Terminal Packaging, Inc.,* 425 F.3d 708, 721 (9th Cir. 2005) (citing *McCarthy on Trademarks and Unfair Competition §25:15* and referencing *15 U.S.C. §§1116(d)(1)(B)(i)*). Emphasis Added.

Another court has similarly held as follows:

"Section 1116(d) requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) *the genuine mark was registered for use on the same goods to which the infringer applied the mark*." See *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.,* 658 F.3d 936, 946 (9th Cir. 2011). Emphasis added.

Additionally, at least two (2) district courts held in the same manner. See *Coach, Inc. v. Asia Pac. Trading Co.,* 676 F.Supp.2d 914, 923-24 (C.D. Cal. 2009) (rejecting counterfeiting where the plaintiff's mark was registered for use on "sunglass cases" but the counterfeited marks were affixed to "sunglasses"). See also *NNG, KFT. v. AVA Enterprises, Inc.,* No. 2:14-cv-00220, 2015 WL 5442725, at *6 (C.D. Cal. July 8, 2015) (rejecting counterfeiting where the plaintiff's mark was registered for use on "computer programs and software" but the counterfeited marks were affixed to "automotive audio and entertainment products").

Even more, in a Joint Statement on Trademark Counterfeiting Legislation ("Joint Statement"), Congress explained the definition of "counterfeit mark" as follows:

"The definition of 'counterfeit mark' in this Act reaches only instances in which the mark is used in connection with goods or services for which the mark is registered on the principal register of the U.S. Patent and Trademark Office and in use… In addition, because this act is intended to reach only the most egregious forms of trademark infringement, it does not affect cases in which the defendant uses a registered mark in connection with goods and services for which the mark is not registered. Under the Lanham Act, a plaintiff can sometimes obtain relief against a defendant who uses a mark in connection with goods or services that are 'related' to those for which the mark is registered. For example, a plaintiff with a federal registration for use of the mark 'Hopscotch' on typewriters might have a Lanham Act remedy against a defendant who used that mark to identify typing paper, even though the plaintiff had not registered that mark for use in connection with typing paper. Under the present act, however, the use of the mark 'Hopscotch' on typing paper

would not count as the use of a 'counterfeit mark'." See *Senate-House Joint Explanatory Statement on Trademark Counterfeiting Legislation,* 130 Cong.Rec. H12076, H12078 (Oct. 10, 1984).  See *Teran Decl.,* Ex. R [R:81].

Thus, Congress, circuit courts, and district courts have made clear that counterfeiting applies only when the mark is registered for use on the same goods in which the infringer applied the mark.

In the present case, Plaintiff alleges Federal Trademark Counterfeiting for nine (9) trademark registrations.  See *Id.*  However, Plaintiff's counterfeiting claim must be dismissed because the Complaint does not provide sufficient facts to plausibly plead that Defendants used the same registered marks in connection with the same registered goods.  More specifically, Plaintiff fails to plead that Defendants sold the three (3) types of vaporizers identified in the trademark registrations asserted.  Instead, Plaintiff alleges its counterfeiting claim based on Defendant's sale of one (1) product.  It is unreasonable to suggest that said one (1) accused vaporizer is the same as the three (3) types of vaporizers registered.  After all, it is unreasonable to suggest that the one (1) accused vaporizer can be for treatment of medical conditions, aromatherapy, and smoking purposes all at once.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request this Court to dismiss Plaintiff's Complaint.

DATED:  June 3, 2025

By:_____

Louis F. Teran (Pending *Pro Hac Vice)*
Email: lteran@slclg.com
California Bar No. 249494
SLC Law Group
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone:  818-484-3217 x200

ATTORNEY FOR DEFENDANTS SIGMA IMPACT, INC. and KAMRUDDIN SOHANI.